IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RORY RICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-07-744-D |
| | ) |
| TROON COMPANY PARTNERS, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

This matter comes before the Court on motions for summary judgment filed by all parties: Defendant Troon Company Partners, LLC [Doc. 21]; Defendant Troon Company, LLC [Doc. 22]; Plaintiff Rory Rice [Doc. 25].[1] The motions seek determinations as a matter of law pursuant to Fed. R. Civ. P. 56 of Plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. The motions are fully briefed and at issue.

Plaintiff seeks to recover damages for alleged FCDPA violations arising from efforts to collect a consumer debt he incurred with Compass Bank. During the course of those efforts, Plaintiff received numerous letters from Defendant Troon Company Partners, LLC ("TCP"), and he received one letter that appeared to be from Defendant Troon Company, LLC ("TC"). TC alleges

---

[1] Each defendant purports to combine with its summary judgment motion, a motion for sanctions under Fed. R. Civ. P. 11 on the ground that this action is baseless and was filed in bad faith. This practice is prohibited by Rule 11(c)(2). Defendants also failed to comply with the "safe harbor" provision of that subsection, and thus are prevented from seeking Rule 11 sanctions. *See AeroTech, Inc. v. Estes,* 110 F.3d 1523, 1528-29 (10th Cir. 1997). Accordingly, the Court disregards this portion of Defendants' motions.

Plaintiff purports to combine with his response to Defendant's motions, a motion for sanctions under Fed. R. Civ. P. 36 and 37 due to Defendants' alleged failures to answer discovery requests. *See* Pl.'s Resp. Defs.' Motions [Doc. 37] at 16-20. This practice violates local rule LCvR7.1(c). Plaintiff also failed to comply with the certification requirement of Rule 37(d)(1)(B) and local rule LCvR37.1. Accordingly, the Court disregards this portion of Plaintiff's motion.

this letter was the result of a clerical error committed by a TCP employee who "through the errant click of a computer mouse" mistakenly printed it on the wrong letterhead. *See* Def. TCP's Mot. Summ. J. [Doc. 22] at 1. Although Plaintiff's pleading alleges Defendants violated various statutes, Plaintiff narrows his claims through his motion papers and pursues only the following allegations on summary judgment: TCP allegedly violated § 1692(f)(1) by assessing additional interest, fees and charges (specifically, a rate of interest that exceeds the legal rate in Oklahoma and other unauthorized fees); TCP allegedly violated § 1692e(2)(a) by making a false representation of the amount of the debt (due to the additional assessments); TCP allegedly violated § 1692e(5) by threatening to take an action it did not intend to take (file a lawsuit); TC allegedly violated § 1692g(a)(4) by sending a letter to Plaintiff without giving required disclosures; TC allegedly violated § 1692g(b) by not validating the debt after receiving timely written notice that it was disputed; and TC allegedly violated § 1692e by attempting to collect a debt that it had no right to collect. *See* Pl.'s Resp. Def. TCP's Mot. Summ. J. [Doc. 36] at 10-14; Pl.'s Br. Supp. Mot. Partial Summ. J. [Doc. 24] at 5.

TCP's Motion apparently seeks full summary judgment based on the sole proposition that "Defendant was under no duty under the FDCPA to validate when the request was made 225 days from the date of the initial demand letter." *See* Def. TCP's Mot. Summ. J. [Doc. 21] at 3. TCP relies on the 30-day time limit established by § 1692g(b) to argue that it had no duty to provide validation of the debt because Plaintiff did not make a timely written request after receiving the initial written notice of his validation rights. Plaintiff does not disagree with this proposition in his response. *See* Pl.'s Resp. Def. TCP's Mot. Summ. J. [Doc. 36]. However, Plaintiff presents facts regarding other alleged FDCPA violations by TCP, such as the increased amounts of Plaintiff's debt,

that remain unexplained in the summary judgment record.[2]  Therefore, with respect to the alleged violations by TCP other than its failure to validate the debt, the Court finds that Plaintiff has sufficiently demonstrated the existence of genuine issues of material fact that preclude summary judgment in favor of TCP.  Therefore, TCP's Motion will be denied.

TC's Motion seeks summary judgment based solely on the proposition that "[t]he sending of the letter . . . on incorrect letterhead was a bona fide error and a mistake."  *See* Def. TC's Mot. Summ. J. [Doc. 22] at 4.  TC makes this same response to Plaintiff's Motion for Partial Summary Judgment, which seeks a determination only of his claims against TC based on the alleged FDCPA violations related to that letter.  *See* Defs.' Resp. Pl.'s Mot. Partial Summ. J. [Doc. 34] at 4.  TC thus relies on an affirmative defense to liability under § 1692k(c), for which it "carries the burden of proving that the violation was (1) unintentional, (2) a bona fide error, and (3) made despite 'the maintenance of procedures reasonably adapted to avoid' the violation."  *See Johnson v. Riddle*, 305 F.3d 1107, 1121 (10th Cir. 2002) (quoting 15 U.S.C. § 1692k(c)).  The third element of the bona fide error defense "involves a two-step inquiry:  first whether the debt collector 'maintained' – *i.e.*, actually employed or implemented procedures to avoid errors; and, second, whether the procedures were 'reasonably adapted' to avoid the specific error at issue."  *Johnson v. Riddle*, 443 F.3d 723, 729 (10th Cir. 2006) (quoting 15 U.S.C. § 1692k(c)).

TC's sole factual basis to establish this element of its defense consists of arguments in its brief and an attached affidavit of a manager stating that TCP monitors industry publications, attends conferences, and keeps abreast of court decisions regarding FDCPA, that all employees who perform debt collection complete a two-week training class on procedures and FDCPA compliance, and that

---

[2] TCP did not mention these facts in its opening brief and filed no reply brief.

the training covers company training and operations manuals as well as videos and written materials prepared by the American Collectors Association. *See* Def. TC's Mot. Summ. J. [Doc. 22] at 6-7. As to the mistaken letter, TC further argues that the two companies have letterhead designed to be distinctively different from each other to avoid confusion and to avoid any errors. *See* Def. TC's Mot. Summ. J. [Doc. 22] at 7. TC does not explain the procedures used to generate letters to debtors or what procedures are in place to prevent the specific clerical error at issue – an employee of TCP allegedly using the wrong computer template or otherwise printing a document on TC letterhead and, without noticing the error despite distinct letterheads, mailing a TC letter to a TCP debtor.

Upon consideration of the record presented under summary judgment standards, the Court finds that TC has failed to present sufficient facts to establish its bona fide error defense as a matter of law. On this record, a reasonable jury could resolve the issues in favor of either TC or Plaintiff. Thus, genuine issues of materials facts preclude summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

IT IS THEREFORE ORDERED that TCP's Motion for Summary Judgment [Doc. 21], TC's Motion for Summary Judgment [Doc. 22], and Plaintiff's Motion for Partial Summary Judgment [Doc. 25] are all DENIED.

IT IS SO ORDERED this 3rd day of April, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE